CV 14- 4672

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
CASE NO.:

| | |
|---|---|
| KATHLEEN S. VELA, **HURLEY, J.** | |
| Plaintiff, | **COMPLAINT** |
| v. **TOMLINSON, M.J.** | |
| MRS BPO, LLC d/b/a MRS Associates, | **JURY TRIAL DEMANDED** |
| Defendant. | |

Plaintiff, by and through her attorney, Abel L. Pierre, Esq., as and for her complaint against the Defendant MRS BPO, LLC d/b/a MRS Associates (hereinafter "Defendant" or "MRS") alleges as follows:

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violation of the Fair Debt Collection Practices Act 15 U.S.C. § 1692, *et seq.* ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k ("FDCPA") and 28 U.S.C. § 1331. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) as the acts and transactions that give rise to this action occurred in substantial part in this district.

## III. ALLEGATIONS AS TO PARTIES

3. Plaintiff, Kathleen S. Vela, ("Vela") is a natural person residing in Nassau County, New York.

4. Upon information and belief Defendant MRS is a collection agency and a corporation formed under the laws of the State of New Jersey and authorized to do business in the State of New York through its registered offices at the National Corporate Research, Ltd., 10 East 40th Street, 10th Floor, New York, New York, 10016 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

5. Upon information and belief Defendant is a debt collector as defined pursuant to FDCPA 15 U.S.C. § 1692a(6), doing substantial and material business in Nassau County, New York.

6. Defendant is engaged in the collection of debts from consumers using the mail, telephone, and civil litigation process. Defendant regularly attempts to collect consumer debts that have been discharged in bankruptcy.

7. Ms. Vela is a "consumer" as said term is defined under the FDCPA, 15 U.S.C. § 1692a(3).

8. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from Plaintiff.

9. Defendant MRS is subject to the jurisdiction of the United States Court and venue of this district because defendant's actions and omissions violate the statues and law of the United States of America, resulting in the causation of inside and outside of the State of New York.

## IV. FACTUAL ALLEGATIONS

10. Plaintiff adopts and realleges the foregoing as fully restated herein.

11. Prior to the commencement of this action, Plaintiff incurred a debt with TD Bank, NA.

12. Sometime thereafter, on a date better known to MRS, Plaintiff's debt with TD Bank, NA was transferred to MRS for collection.

13. Consequently, MRS began its collection efforts to collect said debt from Plaintiff.

14. Plaintiff filed for an Order of Relief under Chapter 7 of Title 11 on November 13, 2013.

15. Plaintiff was granted a discharge of her debts by order of Hon. Alan S. Trust on August 28, 2013. A final decree was signed by Hon. Alan S. Trust on December 19, 2013 and as such, Plaintiff's bankruptcy case was closed.

16. Upon the discharge of bankruptcy, an injunction goes into effect, which precludes and stops any and all collection activities against the debtor for debts incurred prior to the filing of bankruptcy.

17. As such, as to the Plaintiff, the discharge injunction precludes all creditors and debt collectors from collecting debts incurred before May 20, 2013. Upon information and belief, Plaintiff's debt with TD Bank, NA was incurred on May 1, 2012.

18. However, on or about April 8, 2014, Defendant sent or caused to be sent to the Plaintiff a collection letter, seeking to collect monies for TD Bank, NA.

19. Defendant also proceeded to contact Plaintiff via telephone on different occasions. More specifically Defendant contacted Plaintiff on May 19, 2014 at 3:09pm, May 23, 2014 at 12:10pm, May 27, 2014 at 1:41pm, May 29, 2014 at 12:07pm and June 3, 2014 at 12:02pm.

20. Over the course of the above stated period, Defendant persistently caused Plaintiff's phone to ring repetitively several times daily up to six days a week.

21. During the dates and times in question, Plaintiff was at her place of employment. Defendant caused Plaintiff's telephone to ring during her employment hours. Plaintiff informed Defendant that they should not call during those specific times since she was at work.

22. Plaintiff also informed Defendant that she had filed bankruptcy and her debts were discharged.

23. Nevertheless, Defendant continued to cause Plaintiff's phone to ring and continued to send collection letters to Plaintiff.

24. Plaintiff has no knowledge as to the exact date of the transfer of the file from TD Bank, NA to MRS. Notwithstanding that fact, presuming without conceding that MRS received the file after debtor filed her bankruptcy petition and was granted a discharge of her debts, MRS has both the means and responsibility under applicable statutes, including without limitations, the Fair Debt Collection and Practices Act, to determine whether a particular consumer/debtor has filed a bankruptcy petition and/or was granted a discharge of debts.

25. Debt collectors routinely check credit reports and run searches via names through PACER. These are two of the common practices of debt collectors.

26. Consequently, MRS either engaged in these common practices and maliciously sought to collect the debt from the Debtor or they didn't engaged in the practices, however, they are still liable.

27. By seeking to collect this debt from Plaintiff, Defendant utilized false and deceptive means to coerce Plaintiff into the paying debt.

28. By seeking to collect this debt from Plaintiff, Defendant utilized false and deceptive means in an attempt to oppress and harass Plaintiff into paying the debt.

29. By seeking to collect this debt from Plaintiff, Defendant attempted to collect a debt not authorized or permitted by law.

30. By seeking to collect this debt from Plaintiff, Defendant engaged in collection activity, the purpose of which was to harass the Plaintiff.

31. By seeking to collect this debt from Plaintiff, Defendant attempted to collect a debt by causing Plaintiff's telephone to ring repeatedly.

32. MRS's collection activity on these occasions were a communication in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d, 1692d(5), 1692e, 1692e(2), 1692f and 1692f(1), amongst others.

33. Plaintiff commenced this action within one year of the unlawful actions and/or within one year of reasonably knowing of the unlawful actions of Defendant.

## V. PRACTICES OF DEFENDANT

34. It is or was the policy and practice of Defendant to collect or attempt to collect debts from consumers who may or may not owe a debt.

35. It is or was the policy and practice of Defendant to collect or attempt to collect debts not permitted or authorized by law.

36. Said practices and policies of Defendant are deceptive representations, which contradicts consumers' rights.

37. That the Defendant intentionally and knowingly and/or carelessly and recklessly send or caused to be sent collection letters on a mass scale for the sole purpose of harassing consumers and coercing payment and collecting debts which it knows or should know that the consumers do not owe.

38. Defendant's conduct violates 15 U.S.C. § 1692 et seq., including but not limited to subsections (d), (e) and (f) in the representations made by the Defendant are abusive, false, confusing, misleading, deceptive, unfair and fail to advise the consumer of his legal rights as required by law.

39. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violation, Defendant is liable to the Plaintiff for actual damages pursuant to 15 U.S.C. § 1692k(a)(1); and statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant herein.

## VI. ALLEGATIONS OF LAW

40. Defendant violated the FDCPA. Defendant's violations include, but are not limited to the following: (d), (e) and (f).

    i. Defendant violated 15 U.S.C. § 1692(d) by harassing, oppressing and/or abusing the consumer by employing unfair tactics in an attempt to collect a debt; and causing the telephone to ring repeatedly;

    ii. Defendant violated 15 U.S.C. § 1692(e) by utilizing false, deceptive and means in its attempts to collect a debt; and misrepresenting the character, amount or legal status of the alleged debt.

      iii. Defendant violated 15 U.S.C. § 1692(f) by utilizing unfair tactics to collect an alleged debt; and attempting to collect an amount not authorized by the agreement creating the debt or permitted by law;

41. To the extent that the Defendant attempted to collect a debt from Plaintiff even though Defendant knew or should have know that Plaintiff did not owe the underlying debt and such actions also violated New York State Statutes prohibiting Deceptive Acts and Practices. *See* New York State Code Article 22-A. § 349.

## Count I

### Violation of § 1692d of the FDCPA – Any conduct the natural consequence of which is to harass, oppress, or abuse any person

42. Plaintiff adopts and realleges the foregoing as fully stated herein.

43. Section 1692d of the FDCPA prohibits a debt collector from using any conduct which the natural consequence of which is to harass, oppress or abuse any person. *See, 15 U.S.C. § 1692d.*

44. Defendant's violation of § 1692d of the FDCPA, include, but are not limited to, engaging and continuing collection activity after the discharge of debts was granted and violating the discharge injunction.

45. Defendant's violation of § 1692d of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. § 1692k.*

46. By engaging and continuing collection activity after a discharge of debts was granted and violating the discharge injunction, Defendant caused Plaintiff to suffer actual injury in the form of emotional distress.

47. As a direct and proximate result of Defendant's deceptive acts and practices committed in violation of § 1692d of the FDCPA, Plaintiff was damaged in that she, among other things, suffered stress and anxiety as a result of Defendant's abusive attempts to collect a debt.

48. Defendant's violation of § 1692d of the FDCPA render it liable for actual damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k(a)(1).

49. Plaintiff requests that Defendant be enjoined from attempting to collect the debt alleged to be owed by her, by engaging in behavior which is harassing or abusing Plaintiff or otherwise engaging in acts or practices that are unfair or deceptive towards Plaintiff.

## Count II

### Violation of § 1692d(5) of the FDCPA – Caused the phone to ring or engaged any person in telephone conversations repeatedly

50. Plaintiff adopts and realleges the foregoing as fully stated herein.

51. Section 1692d(5) of the FDCPA prohibits a debt collector from causing the telephone to ring or engaging any person in telephone conversations repeatedly. *See, 15 U.S.C. § 1692d(5).*

52. Defendant's violation of § 1692d(5) of the FDCPA, include, but are not limited to, engaging and continuing collection activity by incessantly causing Plaintiff's telephone to ring at her place of employment even after it was notified of Plaintiff's bankruptcy filing and discharge of debts.

53. Defendant's violation of § 1692d(5) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. § 1692k.*

54. By engaging and continuing collection by continuously and carelessly causing Plaintiff's telephone to ring, Defendant caused Plaintiff to suffer actual injury in the form of emotional distress.

55. As a direct and proximate result of Defendant's deceptive acts and practices committed in violation of § 1692d(5) of the FDCPA, Plaintiff was damaged in that she, among other things, suffered stress and anxiety as a result of Defendant's abusive attempts to collect a debt.

56. Defendant's violation of § 1692d(5) of the FDCPA render it liable for actual damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. § 1692k(a)(1)*.

57. Plaintiff requests that Defendant be enjoined from attempting to collect the debt alleged to be owed by her, by engaging in behavior which is harassing or abusing Plaintiff or otherwise engaging in acts or practices that are unfair or deceptive towards Plaintiff.

### Count III

### Violation of § 1692f Of the FDCPA – any unfair or unconscionable means to collector attempt to collect the alleged debt

58. Plaintiff adopts and realleges the foregoing as fully stated herein.

59. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect the alleged debt. *See, 15 U.S.C. § 1692f.*

60. Defendant's violations of § 1692f of the FDCPA, include, but are not limited to, engaging and continuing collection activity after the discharge of debts was granted and violating the discharge injunction.

61. Defendant's violations of § 1692f of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. § 1692k.*

62. By engaging and continuing collection activity after a discharge of debts was granted and violating the discharge injunction, Defendant caused Plaintiff to suffer actual injury in the form of emotional distress.

63. By unlawfully making false threats against Plaintiff, Defendant caused Plaintiff to suffer actual injury in the form of emotional distress.

64. As a direct and proximate result of Defendant's deceptive acts and practices committed in violation of § 1692f of the FDCPA, Plaintiff was damaged in that she, among other things, suffered stress and anxiety as a result of Defendant's abusive attempts to collect a debt.

### Count IV

### Violation of § 1692f(1) of the FDCPA – Any attempt to collect any amount not authorized by the agreement creating the debt or permitted by law

65. Plaintiff adopts and realleges the foregoing as fully stated herein.

66. Section 1692f(1) of the FDCPA prohibits a debt collector from using any unfair means to attempt to collect any amount not authorized by the agreement creating the debt or permitted by law. *See, 15 U.S.C. § 1692f(1).*

67. Defendant's violations of § 1692f(1) of the FDCPA, include, but are not limited to, engaging and continuing collection activity after a discharge of debts was granted and violating the discharge injunction, is clearly not permitted by law.

68. Defendant's violations of § 1692f(1) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. § 1692k.*

69. By engaging and continuing collection activity after a discharge of debts was granted and violating the discharge injunction, Defendant caused Plaintiff to suffer actual injury in the form of emotional distress.

70. By unlawfully making false threats against Plaintiff, Defendant caused Plaintiff to suffer actual injury in the form of emotional distress.

71. As a direct and proximate result of Defendant's deceptive acts and practices committed in violation of § 1692f(1) of the FDCPA, Plaintiff was damaged in that she, among other things, suffered stress and anxiety as a result of Defendant's abusive attempts to collect a debt.

72. Defendant's violations of § 1692f(1) of the FDCPA render it liable for actual damages, costs, and reasonable attorneys' fees. *See* 15 U.S.C. § 1692k(a)(1).

### Count V

### Violation of § 1692e(2) of the FDCPA – Misrepresenting the character, amount or legal status of the alleged debt.

73. Plaintiff adopts and realleges the foregoing as fully stated herein.

74. Section 1692e(2) of the FDCPA prohibits a debt collector from misrepresenting the character, amount or legal status of an alleged debt to attempt to collect any amount not authorized by the agreement creating the debt or permitted by law. *See*, 15 U.S.C. § 1692e(2).

75. Defendant's violations of § 1692e(2) of the FDCPA, include, but are not limited to, engaging and continuing collection activity after a discharge of debts was granted and representing to Plaintiff that the alleged debt was a viable account which could be paid and collected.

76. Defendant's violations of § 1692e(2) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. § 1692k.*

77. By engaging and continuing collection activity after a discharge of debts was granted and violating the discharge injunction, Defendant caused Plaintiff to suffer actual injury in the form of emotional distress.

78. By unlawfully making false threats against Plaintiff, Defendant caused Plaintiff to suffer actual injury in the form of emotional distress.

79. As a direct and proximate result of Defendant's deceptive acts and practices committed in violation of § 1692e(2) of the FDCPA, Plaintiff was damaged in that she, among other things, suffered stress and anxiety as a result of Defendant's abusive attempts to collect a debt.

80. Defendant's violations of § 1692e(2) of the FDCPA render it liable for actual damages, costs, and reasonable attorneys' fees. *See 15 U.S.C. § 1692k(a)(1).*

## Count VI

## MRS Violated New York General Business Law § 349

81. Under New York General Business Law §349, deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

82. NY GBL § 349 provides in relevant part as follows:

> *a. Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful.*
> *i.    h. In addition to the right of action granted to the attorney general pursuant to this section, any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover his actual damages or fifty dollars, whichever is greater,*

> *or both such actions. The court may, in its discretion, increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars, if the court finds the defendant willfully or knowingly violated this section. The court may award reasonable attorney's fees to a prevailing plaintiff.*

83. It is the regular business practice of MRS to harass consumers in an abusive manner as a means to pressure the alleged debtor. MRS has engaged in such a deceptive practice aimed at other New York consumers. MRS's actions have a broad impact on New York consumers at large.

84. It is the regular business practice of MRS to make false threats against consumers as a means to pressure the alleged debtor. MRS has engaged in such a deceptive practice aimed at other New York consumers. MRS's actions have a broad impact on New York consumers at large.

85. As a direct and proximate result of MRS's deceptive acts and practices committed in violation of GBL § 349, Plaintiff was damaged in that she, among other things, suffered stress and anxiety as a result of MRS's abusive attempts to collect a debt.

## PRAYER FOR RELIEF

Plaintiff, Kathleen S. Vela prays that this Court:

a. Declare that Defendant violated the FDCPA;

b. Declare that Defendant violated NY GBL § 349;

c. For an award of actual and treble damages pursuant to 15 U.S.C. § 1692k against the Defendant for Plaintiff;

d. Enter judgment in favor of Plaintiff and against Defendant, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA;

e. Enter judgment in favor of Plaintiff and against Defendant, for actual damages, costs, and reasonable attorneys' fees as provided by §1692k(a)(1) of the FDCPA;

f. Enter judgment enjoining Defendant from collecting or attempting to collect any debt alleged to be owed by Plaintiff,

g. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Kathleen S. Vela demands trial by jury.

Dated: July 31, 2014

Respectfully submitted,

LAW OFFICE OF ABEL L. PIERRE,
ATTORNEY-AT-LAW, P.C.

Attorney I.D.#AP-5508
40 Exchange Place, Suite 2010
New York, New York
Telephone: (212) 766-3323
Facsimile: (212) 766-3322
abel@apierrelaw.com

**Attorney for Plaintiff**